Paul Muscare.
610 S.Verdugo Road, #29
Glendale, CA 91205
Telephone: 818-9567873

FILED
JUN 25 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

In re: PAUL MUSCARE

         Debtor

HOVY TRUONG,

         Plaintiff,

vs.

PAUL MUSCARE,

         Defendant.

CASE NO. 2:10-bk-24914-VK

**DEFENDANT PAUL MUSCARE'S ANSWER**

8-2-2010 /0:00AM
Courtroom 1675
10-01979 VK

Paul Muscare, defendant herein, answering the complaint of Hovy Truong.

1. Answering paragraph 1 of the complaint, Defendant admits the allegation contained therein.

2. Answering paragraph 2 of the complaint, Defendant admits the allegations contained therein.

3. Answering paragraph 3 of the complaint, Defendant admits the allegations contained therein.

DEFENDANT'S ANSWER

4. Answering paragraph 4 of the complaint, Defendant admits the allegations contained therein.

5. Admits that portion of paragraph 5 of the complaint which alleges "Defendant Paul Muscare was an individual and his principal place of residence and business located in the state of California, County of Los Angeles" but denies each and every other allegation therein contained

6. Answering paragraph 6 of the complaint, Defendant admits the allegations contained therein

7. Admits that portion of paragraph 8 of the complaint which alleges "Plaintiff agreed to pay Muscare the total of $43,000.00 for the said remodel, including a down payment of $12,000" but denies each and every other allegation therein contained

8. Admits that portion of paragraph 8 of the complaint which alleges "Plaintiff paid Paul Muscare a total of $35,325.51 over a period of 2 months " but denies each and every other allegation therein contained

9. Denies the allegations contained in paragraph 9 of said complaint

10. Defendant lacks sufficient information and/or belief sufficient for him to answer the allegations contained in said paragraph. Based upon this lack of information and/or belief, Defendant must deny the allegations contained therein.

11. Denies the allegations contained in paragraph 11 of said complaint

12. Denies the allegations contained in paragraph 12 of said complaint

13. Denies the allegations contained in paragraph 13 of said complaint

14. Denies the allegations contained in paragraph 14 of said complaint

15. Denies the allegations contained in paragraph 15 of said complaint

16. Answering paragraph 16 of the complaint, Defendant admits the allegations contained therein

17. Answering paragraph 17 of the complaint, Defendant admits the allegations contained therein.

18. Answering paragraph 18 of the complaint, Defendant admits the allegations contained therein

19. Answering paragraph 19 of the complaint, Defendant admits the allegations contained therein

**FIRST AFFIRMATIVE DEFENSE**

As a defense to each and every purported claim alleged by Plaintiff, Defendant assert that Plaintiff has known him for over ten years and that plaintiff was also aware that he was a licensed interior Designer doing business under the name "Designed Arts".

**SECOND AFFIRMATIVE DEFENSE**

As a defense to each and every purported claim alleged by Plaintiff, Defendant assert that he informed plaintiff upfront that he was going to work with a subcontractor (Manuel Calvillo) a licensed contractor to do the construction while Defendant will supervise and also do the interior designs.

**THIRD AFFIRMATIVE DEFENSE**

As a defense to each and every purported claim alleged by Plaintiff, Defendant asserts that the contract was to remodel the bathroom, kitchen and the floor of the guest room. The total contract price was $43,000.00 excluding appliances which Plaintiff agreed to pay for. Defendant purchased the appliances to be used for remodeling and stored them in plaintiff's garage in the property.

**FOURTH AFFIRMATIVE DEFENSE**

As a defense to each and every purported claim alleged by Plaintiff, Defendant asserts that in the course of remodeling he discovered that the initial laying of the floor was incorrect and so Defendant had to redo the floor at an additional cost of $8,000 which plaintiff refused to refund. Defendant also re-piped the property with plaintiff's consent for $8,500 which was not part of the original contract sum. The said sum was never paid by the plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

As a defense to each and every purported claim alleged by Plaintiff, Defendant asserts that the said Manuel Cavillo while working on plaintiff's property was bitten by plaintiff's dog which was left untamed. Defendant had to pay $3,700 to Manuel Cavillo to cover his medical bills to make him refrain from filing a lawsuit against the Plaintiff, the said sum was never refunded by the plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

As a defense to each and every purported claim alleged by Plaintiff, Defendant asserts that while waiting for Cavillo to recuperate to continue work at plaintiff's property, plaintiff and his attorney made several calls threatening to sue Defendant. When Defendant tried to return to continue work on the property, plaintiff did not allow defendant access to the property.

**SEVENTH AFFIRMATIVE DEFENSE**

As a defense to each and every purported claim alleged by Plaintiff, Defendant asserts that when plaintiff filed the suit against him, he was suffering from a nervous breakdown and consequently was incompetent to defend himself. Defendant was shortly thereafter checked into a mental institution for treatment.

WHEREFORE DEFENDANT PAUL MUSCARE prays as follows:

As to each cause of action.

    1. That Plaintiff take nothing by way of its complaint;

    2. For costs of suit incurred herein;

3. For such other and further relief as the Court may deem just and proper

Dated: 6-23-10

_____
Paul Muscare